FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
1/16/2020 10:00 AM
KATHLEEN VIGIL CLERK OF THE COURT
Breanna Aguilar

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

ADRIANA CARDENAS, mother and next of friend to
minor child, A. CHAVEZ CAMPOS,

     Plaintiffs,

vs.                     ~~D-0101-CV-2020-~~ D-101-CV-2020-00157

                             Case assigned to Biedscheid, Bryan

WALMART SUPERCENTER STORE, INC.

     Defendant.

## COMPLAINT FOR PERSONAL INJURY DAMAGES

COMES NOW, Plaintiff Adriana Cardenas, mother and next of friend to minor child, A. Chavez Campos, by and through their attorneys, THE SIMONS FIRM, LLP, (Quinn S. Simons) and hereby submits her Complaint for Personal Injury Damages against Defendant Walmart Supercenter Store, Inc., and states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Adriana Cardenas, (hereinafter referred to as "Plaintiff Cardenas") is a resident of the State of New Mexico residing in Santa Fe County.  Ms. Cardenas is the mother of minor Plaintiff A. Chavez Campos.

2. Plaintiff A. Chavez Campos, (hereinafter referred to as "Plaintiff A. Chavez Campos") is a resident of the State of New Mexico residing in Santa Fe County, and is currently 15 years of age.

3. Defendant Walmart Supercenter Store, Inc., hereinafter referred to as "Defendant," is a foreign profit corporation authorized to conduct business in the State of New Mexico, with stores throughout New Mexico. Its agent for service of process is Corporation Process Company, 726 E. Michigan, Suite 330, Hobbs, New Mexico, 88240.



4. All events, acts and omissions material hereto occurred in the City of Santa Fe, County of Santa Fe, State of New Mexico.

5. This Court has jurisdiction over the parties and subject matter herein, and venue is proper in Santa Fe County, State of New Mexico pursuant to NMSA. 1978, § 38-3-1.

**FACTS**

6. On April 5, 2017, Plaintiff Cardenas and her two minor children were customers at the Walmart Supercenter Store, Inc., #3423, store located at 5701 Herrera Drive, in Santa Fe, New Mexico.

7. On April 5, 2017, Plaintiff A. Chavez Campos and her sibling entered Defendant's public restroom facilities. As Plaintiff A. Chavez Campos was entering the restroom, she slipped on the floor which was wet and fell on her right knee and hit her head.

8. There were no signs or warnings indicating that the floor was wet.

9. The amount of water on the floor would have been noticeable had an employee of Defendant properly inspected the public restroom facilities.

10. At the time of the incident, Plaintiff Cardenas immediately contacted the manager on duty, known only as Ramon, and informed him of the dangerous conditions in the women's public restroom facility and of the injury sustained by Plaintiff A. Chavez Campos as a result of the fall.

11. The manager, known only as Ramon, refused to summon emergency medical technicians and refused to call for an ambulance to care for Plaintiff A. Chavez Campos at which time Plaintiff Cardenas called for an ambulance.

12. Plaintiff A. Chavez Campos sustained injuries and suffered damages as a result of this incident.

13. Plaintiff A. Chavez Campos' injuries and the damages sustained, were all the result of Defendant failing to properly maintain and inspect their public restroom facilities.

14. Plaintiff A. Chavez Campos did not cause or in any way contribute to her injuries or damages.

## NEGLIGENCE

15. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth herein.

16. At the aforesaid date and place, Defendant had a duty to keep its premises safe for Plaintiffs' use so as not to cause injury to Plaintiffs.

17. Defendant breached this duty to Plaintiffs by failing to exercise ordinary care while ensuring that the premises were properly maintained and safe for Plaintiff A. Chavez Campos and others.

18. Defendant had a duty to exercise ordinary care to avoid a foreseeable risk of injury caused by the condition of the public restroom facilities.

19. Defendant breached their duties by failing to inspect and/or properly maintain the premises to ensure that no hazardous or dangerous conditions existed that could cause injury to Plaintiffs.

20. Defendant had a duty to avoid placing others such as Plaintiff A. Chavez Campos in danger and to prevent accidents.

21. Defendant breached their duties by failing to observe and correct any dangerous or defective conditions on the premises.

22. Defendant knew or should have known about the water on the floor had they performed a reasonable inspection of the premises.

23. In the alternative, the water on the floor was created or caused by Defendant and/or its employees and agents.

24. Defendant breached its duty of care by failing to make a reasonable inspection of the premises.

25. Defendant breached its duty of care to Plaintiffs to keep its premises safe for use.

26. Defendant's breach of duties as set forth herein, directly and proximately caused the Plaintiffs to suffer damages in the form of monetary damages, bodily injury, pain and suffering, loss of enjoyment of life; as well as past and future medical expenses, in an amount to be determined at trial.

## PREMISES LIABILITY

27. Plaintiffs incorporates by reference all prior paragraphs as if fully set forth herein.

28. Defendant had a duty to keep the premises safe for use by Plaintiffs.

29. Defendant breached that duty by allowing the existence and/or creating the dangerous condition that caused injury to Plaintiffs.

30. Defendant was negligent in failing to secure the premises, as well as for failing to warn Plaintiffs of the presence of danger.

31. Defendant had a duty to maintain the property in a reasonably safe condition in view of all circumstances, to properly train employees, to properly enforce rules and procedures, and to take steps to properly warn of dangers. Defendant breached those duties and were negligent.

32. As owners or possessors of the property, Defendant had a non-delegable duty to maintain the premises in a safe condition.

## DAMAGES

33. Plaintiff repeat and re-allege all previous paragraphs as if fully set forth herein.

34. Plaintiffs Adriana Cardenas and A. Chavez Campos are entitled to damages for the negligence and violations of law by the Defendant, including, but not limited to:

   a.   Past, present and future medical expenses and costs;

   b.   Emotional distress and physical pain and suffering;

   c.   Loss of the enjoyment of life;

   d.   Loss of consortium.

35. Defendant's actions and/or inactions were reckless and/or wanton and Plaintiffs are thus entitled to punitive damages.

## PUNITIVE DAMAGES AGAINST DEFENDANT

36. Plaintiff repeat and re-allege all previous paragraphs as if fully set forth herein.

37. In addition to Defendant's failure to keep its premises safe for the Plaintiffs, Defendant also acted intentionally, maliciously, willfully, recklessly, and/or with wanton disregard for the safety of others.

38. Among others, these intentional, malicious, willful, reckless, and/or wanton acts and omissions of the Defendant, either singularly, in combination, or based on the cumulative conduct of employees of the Defendant, were a cause of Plaintiffs' injuries and damages.  Accordingly, Defendants are liable for punitive damages.

## CONCLUSION

WHEREFORE, Plaintiffs pray for judgment against Defendant for damages, punitive damages, Plaintiffs' attorney fees and reasonable costs incurred, pre-judgment and post-judgment

interest, and for such other and further relief to which Plaintiffs may be entitled under the facts and circumstances.

Respectfully submitted,

THE SIMONS FIRM, LLC

By:      *Quinn Scott Simons*
         QUINN SCOTT SIMONS
         FRIEDA SIMONS BURNES
         Post Office Box 5333
         Santa Fe, NM 87502-5333
         (505) 988-5600
         qsimons@simonsfirm.com
         fsimons@simonsfirm.com
         *Attorneys for Plaintiffs*

| SUMMONS | |
|---|---|
| District Court: FIRST JUDICIAL Santa Fe County, New Mexico Court Address: 225 Montezuma Avenue Santa Fe, NM 87901 Court Telephone No.: (505) 455-8250 | Case Number: D-0101-CV-2020-00157<br><br>Assigned Judge: Honorable Bryan Biedscheid |
| FIRST JUDICIAL DISTRICT STATE OF NEW MEXICO COUNTY OF SANTA FE<br><br>Cause No. D-101-CV-2020-00157<br><br>ADRIANA CARDENAS, mother and next of friend to minor child, A. CHAVEZ CAMPOS,<br>　　　　Plaintiffs,<br><br>vs.<br><br>WALMART SUPERCENTER STORE, INC.<br><br>　　　Defendant. | Defendant:<br><br>Name:　Walmart Supercenter Store, Inc.<br>Address: 708 SW 8th Street<br>　　　　Bentonville, AR 72716<br><br>Registered Agent:<br>　Corporation Process Company<br>　726 E Michigan, Suite 330<br>　Hobbs, NM 88240 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Courts address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____**Santa Fe**_____, New Mexico, this**22nd** day of **JAN**, 2020.

**KATHLEEN VIGIL**
CLERK OF DISTRICT COURT

By: _____
       Deputy

THE SIMONS FIRM, LLP

By: _____
/s/ *Quinn S. Simons*
QUINN S. SIMONS
Post Office Box 5333
Santa Fe, New Mexico 87502-5333
(505) 988-5600
(505) 982-0185 – fax
qsimons@simonsfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES
OF CIVIL PROCEDURE FOR DISTRICT COURTS.

2

# RETURN

STATE OF NEW MEXICO                    )
                                       )ss.
COUNTY OF SANTA FE                     )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Lea_ County on the 31st day of _January_, 2020, by delivering a copy of this Summons, with a copy of the Complaint for Personal Injury Damages.

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of Summons and Complaint for Personal Injury Damages)*

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons Complaint for Personal Injury Damages, on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons with a copy of Complaint for Personal Injury Damages:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and Complaint for Personal Injury Damages.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and Complaint for Personal Injury Damages, by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X]     to _Lorraine Soto_, an agent authorized to receive service of process for defendant _Walmart Supercenter Store_.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

3

Fees: _____

_____
Signature of person making service

_Process Server_
Title (*if any*)

Subscribed and sworn to before me this ___5___ day of ___February___, ___2020___.

_____
Judge, notary or other officer
authorized to administer oaths

OFFICIAL SEAL
Joseph Silva
NOTARY PUBLIC - STATE OF NEW MEXICO
My Commission Expires: _9-30-23_

_____
Official title

## USE NOTE

    1.     Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and Complaint for Personal Injury Damages.

    2.     If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order No. 05-8300-001, effective March 1, 2005; by Supreme Court Order No. 07-8300-016, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

ADRIANA CARDENAS, mother and next of friend to
minor child, A. CHAVEZ CAMPOS,

      Plaintiffs,

vs.                                          D-0101-CV-2020-00157

WALMART SUPERCENTER STORE, INC.

      Defendant.

## **JURY DEMAND**

      Plaintiffs Adriana Cardenas and minor child A. Chavez Campos (hereinafter "Plaintiffs")

by and through their undersigned counsel, hereby demands a trial by a jury of twelve (12) persons

for all matters in controversy in the above-captioned cause.  Plaintiffs deposit herewith the required

fee of Three Hundred Dollars ($300.00).

                    Respectfully submitted:

                    THE SIMONS FIRM, LLP

By:     /s/ *Quinn S. Simons*
           QUINN S. SIMONS
           FRIEDA SIMONS BURNES
           P.O. Box 5333
           Santa Fe, NM 87502-5333
           (505) 988-5600 – Office
           (505) 982-0185 – facsimile
           qsimons@simonsfirm.com
           fsimons@simonsfirm.com
           *Attorneys for Plaintiffs*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
2/26/2020 2:49 PM
KATHLEEN VIGIL CLERK OF THE COURT
Desiree Brooks

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ADRIANA CARDENAS, mother and next of friend to
minor child, A. CHAVEZ CAMPOS,

        Plaintiffs,

v.                               No. D-101-CV-2020-00157

WALMART SUPERCENTER STORE, INC.,

        Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURY DAMAGES

Defendant, incorrectly named in the caption as "Walmart Supercenter Store, Inc.," and properly referred to as Wal-Mart Stores East, L.P. (hereinafter referred to as "Walmart"), by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Megan T. Muirhead and Bayard Roberts) hereby answers Plaintiffs' Complaint for Personal Injuries Damages ("Complaint") as follows:

### JURISDICTION

1.      Walmart is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2.      Walmart is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies the same.

3.      Walmart denies that "Walmart Supercenter Store, Inc." is the proper defendant in this case.  The proper Walmart entity to be named is Wal-Mart Stores East, L.P. Walmart admits that its agent for service of process is Corporation Process Company, 726 E. Michigan, Suite 330 Hobbs, New Mexico 88240.  Walmart denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Walmart is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5.      The allegations contained in Paragraph 5 of the Complaint state one or more legal conclusions to which no response is required.  To the extent a response is necessary, Walmart denies the allegations in Paragraph 5 of the Complaint.

**FACTS**

6.      Walmart is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.      Walmart is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      Walmart is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the same.

9.      Walmart denies the allegations in Paragraph 9 of the Complaint.

10.     Walmart denies the allegations in Paragraph 10 of the Complaint.

11.     Walmart denies the allegations in Paragraph 11 of the Complaint.

12.     Walmart is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13.     Walmart denies the allegations in Paragraph 13 of the Complaint.

14.     Walmart denies the allegations in Paragraph 14 of the Complaint.

15.     In response to the allegations in Paragraph 15 of the complaint, Walmart incorporates by reference Paragraphs 1 through 14 as though fully set forth herein.

16.     The allegations contained in Paragraph 16 of the Complaint contain one or more legal conclusions to which no response is required.  To the extent a response is necessary, Walmart denies that it owed any duties beyond those prescribed by New Mexico common law, statutory law, or other applicable authority.  Walmart specifically denies breach of any duty with respect to the allegations in the Complaint.

17.     Walmart denies the allegations in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint contain one or more legal conclusions to which no response is required.  To the extent a response is necessary, Walmart denies that it owed any duties beyond those prescribed by New Mexico common law, statutory law, or other applicable authority.  Walmart specifically denies breach of any duty with respect to the allegations in the Complaint.

19.     Walmart denies the allegations in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint contain one or more legal conclusions to which no response is required.  To the extent a response is necessary, Walmart denies that it owed any duties beyond those prescribed by New Mexico common law,

statutory law, or other applicable authority.  Walmart specifically denies breach of any duty with respect to the allegations in the Complaint.

      21.    Walmart denies the allegations in Paragraph 21 of the Complaint.

      22.    Walmart denies the allegations in Paragraph 22 of the Complaint.

      23.    Walmart denies the allegations in Paragraph 23 of the Complaint.

      24.    Walmart denies the allegations in Paragraph 24 of the Complaint.

      25.    Walmart denies the allegations in Paragraph 25 of the Complaint.

      26.    Walmart denies the allegations in Paragraph 26 of the Complaint.

      27.    In response to the allegations in Paragraph 27 of the Complaint, Walmart incorporates by reference Paragraphs 1 through 26 as though fully set forth herein.

      28.    The allegations contained in Paragraph 28 of the Complaint contain one or more legal conclusions to which no response is required.  To the extent a response is necessary, Walmart denies that it owed any duties beyond those prescribed by New Mexico common law, statutory law, or other applicable authority.  Walmart specifically denies breach of any duty with respect to the allegations in the Complaint.

      29.    Walmart denies the allegations in Paragraph 29 of the Complaint.

      30.    Walmart denies the allegations in Paragraph 30 of the Complaint.

      31.    The allegations contained in the first sentence of Paragraph 31 of the Complaint contain one or more legal conclusions to which no response is required.  To the extent a response is necessary, Walmart denies that it owed any duties beyond those prescribed by New Mexico common law, statutory law, or other applicable authority.  Walmart denies the remaining allegations in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint contain one or more legal conclusions to which no response is required.  To the extent a response is necessary, Walmart denies that it owed any duties beyond those prescribed by New Mexico common law, statutory law, or other applicable authority.  Walmart specifically denies breach of any duty with respect to the allegations in the Complaint.

33.     In response to the allegations in Paragraph 33 of the Complaint, Walmart incorporates by reference Paragraphs 1 through 32 as though fully set forth herein.

34.     Walmart denies the allegations in Paragraph 34 of the Complaint and all subparts therein.

35.     Walmart denies the allegations in Paragraph 35 of the Complaint.

36.     In response to the allegations in Paragraph 36 of the Complaint, Walmart incorporates by reference Paragraphs 1 through 35 as though fully set forth herein.

37.     Walmart denies the allegations in Paragraph 37 of the Complaint.

38.     Walmart denies the allegations in Paragraph 38 of the Complaint.

39.     Walmart denies Plaintiff is entitled to the relief requested in the paragraph beginning with WHEREFORE on pages 5 and 6 of the Complaint.

40.     Walmart denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Walmart denies any liability to Plaintiffs and pleads the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed or denied for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that, to the extent that Plaintiffs have suffered any damage or injury, which Walmart expressly denies, Plaintiffs and/or third parties over whom Walmart is not responsible, proximately caused and is liable for any such injury or damage.

## THIRD AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that, to the extent that Plaintiffs have suffered any damages, which Walmart expressly denies, Plaintiffs' damages may be barred or reduced to the extent Plaintiffs have failed to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that to the extent that it is liable for any alleged damage or injury, which Walmart expressly denies, the negligence and fault of persons and entities other than Walmart (whether or not parties to this action) was a proximate cause of Plaintiffs' alleged injury and damages, and any recovery that might otherwise ensue must either be barred or reduced accordingly under the doctrine of comparative negligence and fault.

## FIFTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that Plaintiffs' alleged damages, if any, were not proximately caused by Walmart, but were the proximate result of intervening or superseding causes, conditions, circumstances, prior events, actions or omissions of others which Defendant could not have reasonably foreseen and for which Walmart is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that Plaintiffs' damages may be barred in whole or in part by Plaintiffs' failure to meet the common law and statutory duties to look out and exercise reasonable care for Plaintiffs' own safety.

### SEVENTH AFFIRMATIVE DEFENSE

As a further, separate and alternative defense, Walmart states that any damages should be reduced or barred to the extent some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions or injuries, subsequent medical conditions, by an idiosyncratic reaction, operation of nature, or act of God, for which Walmart is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that Plaintiffs' claims are barred, and/or the damages should be apportioned, to the extent the alleged injuries claimed by Plaintiffs are the proximate result of a preexisting condition, prior injury, and/or subsequent injury.

### NINTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that Plaintiffs suffered no injuries or damages as a result of Walmart's alleged acts or omissions.

### TENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that the clams of Plaintiffs should be dismissed to the extent they are barred by the applicable statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a further, separate, and alternative defense, Walmart states that to the extent it is liable for any alleged damage or injury, which Defendant expressly denies, an award of punitive

damages, if any, must be reasonably related to Plaintiffs' actual damages and Walmart's conduct in this state. Lack of a reasonable relation of punitive damages to Plaintiffs' actual damages and Walmart's conduct in this state would violate Walmart's rights to due process, equal protection and from excessive fines under the Constitution of New Mexico and the United States. Also, the imposition of punitive damages would violate Walmart's right to due process, equal protection and from excessive fines because proof for punitive damages is not required by clear and convincing evidence. Walmart specifically incorporates by reference any and all statements or limitations regarding the determination and enforceability of punitive damage awards which arise in law, including but not limited to, *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 421 (2001), and *BMW of North America, Inc. v. Gore*, 517 U.S. 599 (1996).

## RESERVATION OF RIGHTS

Walmart hereby gives notice that it intends to rely upon such other defenses, available under the applicable state laws or federal laws, as may become available or apparent during the course of discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered the Complaint, Defendant Walmart requests that Plaintiffs' Complaint for Personal Injuries Damages be dismissed in its entirety and that the Court award Walmart such other and further relief as the Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL,
  HARRIS & SISK, P.A.

*Electronically Filed*

By: */s/ Megan T. Muirhead*
      Megan T. Muirhead (mmuirhead@modrall.com)
      Bayard Roberts (broberts@modrall.com)
      *Attorneys for Defendant Walmart*
      P. O. Box 2168
      Albuquerque, NM 87102
      505-848-1800 / Fax 505-848-9710


I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for efiling and service through "Odyssey File & Serve" and emailed to the following counsel of record this 26th day of February 2020.

MODRALL, SPERLING, ROEHL,
  HARRIS & SISK, P.A

By: */s/ Megan T. Muirhead*
      Megan T. Muirhead

Y:\dox\client\75301\0559\DRAFTS\W3696505.DOCX

9

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
2/26/2020 2:49 PM
KATHLEEN VIGIL CLERK OF THE COURT
Desiree Brooks

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ADRIANA CARDENAS, mother and next of friend to
minor child, A. CHAVEZ CAMPOS,

       Plaintiffs,

v.                                                                    No. D-101-CV-2020-00157

WALMART SUPERCENTER STORE, INC.,

       Defendant.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that Defendant incorrectly named in the caption as "Walmart Supercenter Store, Inc.," and properly referred to as Wal-Mart Stores East, L.P.'s (hereinafter referred to as "Walmart") First Set of Interrogatories and Requests for Production, and Requests for Admission to Plaintiff Adriana Cardenas on behalf of her minor child Ariana were emailed, along with a copy of this Certificate of Service to counsel for Plaintiffs Quinn Scott Simons at qsimons@simonsfirm.com and Frieda Simons Burnes at fsimons@simonsfirm.com this 26th day of February, 2020.

Respectfully submitted,

MODRALL, SPERLING, ROEHL,
    HARRIS & SISK, P.A.

By: _/s/ Megan T. Muirhead_____
    Megan T. Muirhead (mmuirhead@modrall.com)
    Bayard Roberts (broberts@modrall.com)
    *Attorneys for Defendant Walmart*
    P. O. Box 2168
    Albuquerque, NM 87102
    505-848-1800 / Fax 505-848-9710

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for efiling and service through "Odyssey File & Serve" and emailed to the following counsel of record this 26th day of February 2020.

*Counsel for Plaintiffs:*
Quinn Scott Simons at qsimons@simonsfirm.com
Frieda Simons Burnes at fsimons@simonsfirm.com

MODRALL, SPERLING, ROEHL,
    HARRIS & SISK, P.A

By: _/s/ Megan T. Muirhead_____
    Megan T. Muirhead

Y:\dox\client\75301\0559\DRAFTS\W3696980.DOCX

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
4/10/2020 5:56 PM
KATHLEEN VIGIL CLERK OF THE COURT
Francine Lobato

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

ADRIANA CARDENAS, mother and next of friend to
minor child, A. CHAVEZ CAMPOS,

     Plaintiffs,

vs.                               D-0101-CV-2020-00157

WALMART SUPERCENTER STORE, INC.

     Defendant.

### CERTIFICATE OF SERVICE

     I hereby certify that on April 10, 2020, a true and correct copy of *Plaintiffs' Answers to Defendant Wal-Mart's First Interrogatories and Responses to Requests for Production and Requests for Admission*, were served by electronic mail, along with a copy of this Certificate of Service via electronic mail and Odyssey File and Serve on:

     Megan T. Muirhead, Esq.
     Bayard Roberts, Esq.
     *Attorneys for Defendant Walmart*
     P. O. Box 2168
     Albuquerque, NM 87102
     mmuirhead@modrall.com
     bayard.roberts@modrall.com

                   THE SIMONS FIRM, LLP

        By:    */s/ Quinn S. Simons*
               QUINN S. SIMONS
               FRIEDA SIMONS BURNES
               Post Office Box 5333
               Santa Fe, New Mexico 87502-5333
               (505) 988-5600
               (505) 982-0185 – fax
               qsimons@simonsfirm.com
               fsimons@simonsfirm.com
               *Attorneys for Plaintiffs*